UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

JOSEPH SIMONE, a Florida citizen and
resident,

       Plaintiff,

vs.

NCL (BAHAMAS) LTD., a
Bermuda corporation d/b/a
NORWEGIAN CRUISE LINES,

       Defendant.
_____/

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, JOSEPH SIMONE, a Florida citizen and resident, files this Complaint and sues Defendant NCL (BAHAMAS) LTD., a Bermuda corporation doing business as NORWEGIAN CRUISE LINES (NCL), with its principal place of business in Florida, and alleges:

**<u>JURISDICTION, VENUE AND PARTIES</u>**

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.     Plaintiff, JOSEPH FRANCIS SIMONE is a permanent resident of the State of Florida and is sui juris.

3.     Defendant NCL is a Bermuda corporation with its principal place of business in Miami, Miami-Dade County, Florida.

SIMONE v.  NCL (BAHAMAS), ETC.
CASE NO.

4.      This court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.  §1333 as the causes of action asserted are maritime torts occurring on navigable waters and implicating traditional maritime activity, specifically the operation of a passenger cruise vessel.

5.      The Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

6.      At all material times, NCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

7.      At all material times, NCL engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff SIMONE.

8.      The ticket contract between the parties, which was drafted by or on behalf of NCL without any negotiations with the Plaintiff, required all fare paying passengers to bring any lawsuit against NCL arising out of injuries or events occurring on the cruise voyage in this federal judicial district.  Furthermore, NCL does business in this judicial district and has its principal place of business in this district.  Venue is therefore proper in this Court.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9.      At all material times, NCL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "EPIC."

10.      At all material times, Plaintiff SIMONE was a fare-paying passenger on board the "EPIC" and in that capacity was lawfully present on board the vessel.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

SIMONE v.  NCL (BAHAMAS), ETC.
CASE NO.

11.     On or about January 4th, 2019 SIMONE was lawfully on board the "EPIC" as a fare paying passenger.

12.     During the disembarkation process at a port of call, NCL crewmembers directed SIMONE to ascend an escalator from Deck 5 to Deck 6.

13.     SIMONE attempted to take the escalator up from Deck 5 to Deck 6 as directed by the NCL crewmembers.

14.     While SIMONE was attempting to ride the escalator from Deck 5 to Deck 6 as directed, the escalator malfunctioned so that its right handrail was not synchronized with the escalator steps.  The malfunction and resulting lack of synchronization between the handrail and steps caused SIMONE to lose his balance and fall, thereby resulting in severe injuries to his right arm, including a degloving injury, as well as broken ribs.

15.     As a direct and proximate result of the malfunctioning escalator and resulting fall described in the preceding paragraph,  Plaintiff SIMONE was injured in and about his body and extremities, sustaining injuries, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, and the inability to lead a normal life. He incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries.  These damages are permanent or continuing in their nature and SIMONE will continue to sustain and incur these damages in the future.


## COUNT I – NEGLIGENT OPERATION

16.     Plaintiff SIMONE adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 15 above and in addition alleges the following matters.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

SIMONE v.  NCL (BAHAMAS), ETC.
CASE NO.

17.     At all material times, NCL owed SIMONE, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, which included  the duty to take reasonable steps to operate the escalator ascending from Deck 5 to Deck 6 on the "EPIC" in a reasonably safe manner.

18.     At all material times, NCL either knew or should have known that the escalator ascending from Deck 5 to Deck 6 of the "EPIC" was malfunctioning, thereby posing a risk of harm to passengers using it.

19.     Notwithstanding NCL's actual or constructive knowledge of the dangerous condition of the escalator referred to above, it negligently operated the escalator by continuing to operate it pending its repair despite actual or constructive knowledge of its malfunctioning condition.

20.     As a direct and proximate cause of NCL's negligence as described above, the Plaintiff SIMONE has sustained and will continue in the future to sustain the damages described in Paragraph 15 above.

**WHEREFORE**, the Plaintiff SIMONE demands judgment against the Defendant NCL for compensatory damages and the costs of this action.


## COUNT II – NEGLIGENT MAINTENANCE

21.     The Plaintiff SIMONE adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 15 above and in addition alleges the following matters.

22.     At all material times, NCL owed SIMONE, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take

SIMONE v.  NCL (BAHAMAS), ETC.
CASE NO.

reasonable steps to maintain its vessel, which in turn included the duty to inspect for and correct

dangerous onboard conditions of which it knew or should have known about in the exercise of

reasonable care.

23.     At all material times, including the time referenced in the preceding paragraph,

the escalator ascending from Deck 5 to Deck 6 onboard the "EPIC" was in a high traffic area and

was in a condition dangerous to passengers using it, including SIMONE.

24.     At all material times, NCL either knew or should have known that the escalator

ascending from Deck 5 to Deck 6 of the "EPIC" was malfunctioning, thereby posing a risk of

harm to passengers using it, including SIMONE.

25.     Notwithstanding NCL's actual or constructive knowledge of the dangerous

condition of escalator and/or its component parts, it failed before the time SIMONE used the

escalator to take reasonable measures to maintain the escalator by correcting its defective

condition.  NCL thereby failed to exercise reasonable care for the safety of its passengers

including SIMONE and was thereby negligent.

26.     NCL's specific negligent acts or omissions consist of one or more of the

following:

i.     Failing to maintain the escalator in a reasonably safe condition;

ii.    Failing to maintain the escalator to prevent malfunctions of it and of its

component parts, including the escalator's handrails;

iii.   Failing to ensure a safe handrail or alternative grip to allow passengers to brace

themselves while riding the escalator;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

SIMONE v.  NCL (BAHAMAS), ETC.
CASE NO.

    iv.    Allowing the escalator ascending from Deck 5 to Deck 6 on board the "EPIC" to continue in service pending repair or replacement despite its actually or constructively known defective and hence hazardous condition;

    v.    Failing to inspect, detect or discover the hazardous condition of the escalator ascending from Deck 5 to Deck 6 on board the "EPIC" and then take appropriate corrective action.

27.    As a direct and proximate result of NCL's negligence alleged above, the Plaintiff SIMONE has sustained and will continue in the future to sustain the damages described in Paragraph 15 above.

**WHEREFORE**, the Plaintiff SIMONE demands judgment against the Defendant NCL for compensatory damages and the costs of this action.

## COUNT III – NEGLIGENT FAILURE TO WARN

28.    The Plaintiff SIMONE adopts, realleges and incorporate by reference all allegations in Paragraphs 1 through 15 above and in addition alleges the following matters.

29.    At all material times, NCL owed SIMONE, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

30.    At all material times the escalator ascending from Deck 5 to Deck 6 onboard the "EPIC" was in a high traffic area and was in a condition dangerous to passengers using the escalator, including SIMONE.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

SIMONE v.  NCL (BAHAMAS), ETC.
CASE NO.

31.     At all material times, NCL either knew or should have known that the escalator ascending from Deck 5 to Deck 6 of the "EPIC" was malfunctioning, thereby posing a risk of harm to passengers using it, including SIMONE.

32.     Notwithstanding NCL's actual or constructive knowledge of the dangerous malfunctioning condition of the escalator ascending from Deck 5 to Deck 6 onboard the "EPIC," it failed at all material times to take reasonable actions to warn passengers of the dangerous malfunctioning condition of the escalator through the posting of appropriate signage or otherwise and was thereby negligent.

33.     As a direct and proximate result of NCL's negligence described above the Plaintiff SIMONE has sustained and will continue in the future to sustain the damages described in Paragraph 15 above.

**WHEREFORE**, the Plaintiff SIMONE demands judgment against the Defendant NCL for compensatory damages and the costs of this action.


## COUNT IV – NEGLIGENT INSTRUCTIONS BY CREW

36.     The Plaintiff SIMONE adopts, realleges and incorporate by reference all allegations in Paragraphs 1 through 15 above and in addition alleges the following matters.

37.     At all material times, NCL owed SIMONE, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable care in providing crewmember instructions to passengers regarding dangerous conditions of which it knew or should have known in the exercise of reasonable care.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

SIMONE v. NCL (BAHAMAS), ETC.
CASE NO.

38.     At all material times the escalator ascending from Deck 5 to Deck 6 onboard the "EPIC" was in a high traffic area and was in a condition dangerous to passengers using the escalator, including SIMONE.

39.     At all material times, NCL either knew or should have known that the escalator ascending from Deck 5 to Deck 6 of the "EPIC" was malfunctioning, thereby posing a risk of harm to passengers using it, including SIMONE.

40.     Notwithstanding NCL's actual or constructive knowledge of the dangerous malfunctioning condition of the escalator ascending from Deck 5 to Deck 6 onboard the "EPIC," NCL's crewmembers, as alleged in Paragraph 12 above, affirmatively instructed SIMONE to use that particular escalator and were thereby negligent.

41.     Since the negligence of NCL's crewmembers described in the preceding paragraph and Paragraph 12 above occurred while they were acting in furtherance of business of the vessel, assisting passengers in the disembarkation process, NCL is vicariously liable for the crewmembers' negligence in instructing SIMONE to use the malfunctioning escalator.

42.     As a direct and proximate result of NCL's negligence described above the Plaintiff SIMONE has sustained and will continue in the future to sustain the damages described in Paragraph 15 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

SIMONE v.  NCL (BAHAMAS), ETC.
CASE NO.

**WHEREFORE**, the Plaintiff SIMONE demands judgment against the Defendant NCL

for compensatory damages and the costs of this action.

Executed this 20th day of December, 2019.

Respectfully submitted,

By:      _s/NICHOLAS I. GERSON_
         NICHOLAS I. GERSON
         Florida Bar No. 0020899
         ngerson@gslawusa.com
         PHILIP M. GERSON
         Florida Bar No. 127290
         pgerson@gslawusa.com
         RAUL G. DELGADO II
         Florida Bar No. 94004
         rdelgado@gslawusa.com
         EDWARD S. SCHWARTZ
         Florida Bar No. 346721
         eschwartz@gslawusa.com
         DAVID MARKEL
         Florida Bar No. 78306
         dmarkel@gslawusa.com
         GERSON & SCHWARTZ, P.A.
         Attorneys for Plaintiff
         1980 Coral Way
         Miami, FL 33145-2624
         Telephone:     (305) 371-6000
         Facsimile:     (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com